Johnson, J.
Did the court err in permitting the plaintiff to show that there was no signboard at this crossing to warn travelers on the highway ?
The cause of action did not charge this omission as a .ground of recovery.
The-negligence complained of was in the running of the train against the plaintiff as he was crossing. Therefore this evidence was not admissible as a ground of recovery .as the pleadings stood. Still we think it was admissible for the plaintiff to show that he was not guilty of contributory negligence.
In Robinson & Weaver v. Gary, 28 Ohio St. 241, it was held that “ in an action for an injury by negligence, when the case is such as necessarily devolves carefulness on the plaintiff, and the testimony to support his action fairly puts in question the due exercise of care on his part, the jury, in the determination of the question of contributory negligence, should be left free to consider all the evidence.”
*630 If the plaintiffs evidence shows an injury by defendant’s negligence, and does not raise an implication that his own contributed, the burden of proving such contributory negligence as will defeat a recovery rests upon defendant.
But if plaintiff’s testimony raises a presumption of contributory negligence, then it is his duty to remove that presumption, otherwise he would fail in his action. Hays v. Gallager, 72 Penn. St. 140; Wharton on Neg., §§. 425-428; Robinson v. Gary, 28 Ohio St. 241.
This accident occurred at a public crossing. The duties-of the parties were mutual.
Each was bound to the exercise of ordinary care commensurate with the dangers that were incident to the use of the crossing.
Neither can recover if his failure to exercise this car-e-causes or directly contributes to his injury.
The plaintiff’s own evidence raised a strong suspicion that he drove along the highway, and directly on the track in front of the passing train, without either looking or listening for the train.
He was a man of ordinary hearing and sight.
His own evidence, therefore, tended to show contributory negligence, such as might defeat his recovery, unless he excused the omission to exercise his faculties, to ascertain if a train was approaching.
In this state of proof it was his right, if this omission-would defeat his recovery, to remove the presumption thus created.
When the question of contributory negligence depends-upon a variety of circumstances, from which different minds may arrive at different conclusions, as to whether the plaintiff' exercised proper care and caution, the question should be submitted to the jury under proper instructions. The M. & C. R. R. v. Picksley, 24 Ohio St. 654; C., C. & C. R. R. v. Crawford, 24 Ohio St. 631. It was, therefore, competent for the plaintiff, in order to relieve himself from the suspicion of negligence created by his own testimony, to prove-any fact or circumstance having that effect.
*631 The object of such a sign-board is to give warning, and put all passers on their guard.
If the traveler is a stranger to the crossing, the want of such a warning would be calculated to mislead him into danger, and if he was familiar with the crossing, it might operate as a reminder of a danger, which he might otherwise forget.
The omission of a sign-board did not relieve the plaintiff' from that diligence and care which requires that a person,, in the full enjoyment of his faculties of seeing and hearing, should exercise them at such a crossing; yet, it was a circumstance, with others shown to exist in this case, competent to go to the jury, to enable them to determine whether,, under all the circumstances, his failure to use these ordinary precautions could be regarded as such contributory negligence, as would defeat his recovery.
The plaintiff’s right of recovery is not precluded in all cases, where he omits to employ his senses to discover and avoid injury, even though the omission be regarded as negligence. It does so only when the omission contributes to the injury, that is, when, by their employment, he might-have avoided the injury. C., C. & C. R. R. v. Crawford, 24 Ohio St. 638.
2. As to the errors assigned to the charge, and to the refusal to charge. They will be considered in connection with that, which asks a reversal on the ground that the verdict is contrary to the evidence and the law.
A substantia] statement of the main facts will be found in 24 Ohio St. 642, and need not be here repeated. It may be added, that 'Whitacre was aged about sixty years, of good habits, and in full possession of his sight and hearing.. He had lived in that vicinity over forty years, and had been familiar with, and had frequently used this crossing, for about twenty years. There was no sign-board, as required by law. Had there been one, it would have given no information he did not already possess. He lived within, four miles of Earnesville, and had, on the morning of the day of the accident, gone to town, passing this cross *632 ing, with a load of wheat, and was returning about one o’clock in the afternoon when he was injured.
Through the Smith farm, on which the accident happened, the railroad track runs N. 80° E. in nearly a straight line. The public road crossed the track three times on this farm.
The western crossing, where the accident occurred, was about one mile east of Barnesville. In crossing the track, on his way home, his sled was struck, and he was injured by the regular west-bound train, which was behind time about seven minutes.
It clearly appears that he approached this crossing, which was more than ordinarily dangerous, in apparent forgetfulness of the fact that he was crossing a railroad track, or that a train was due, or might be in the vicinity. He took none of the usual precautions by looking or listening, but drove onto the track seemingly oblivious of danger, and oply saw the train when it was too late.
The plaintiff’s own testimony; that of witnesses who saw the transaction, and his admissions to sundry persons, fully warrant these conclusions.
This being the proof, the settled law of this state will defeat a recovery, unless the jury were warranted in finding that there was a reasonable excuse for a failure to use the ordinary precautions of a prudent man.
We assume that the jury were warranted in finding the defendant was guilty of such negligence in running its train, at such a rate of speed, as was shown, without sound, or bell, or whistle, as entitled the plaintiff to a verdict, unless he was defeated by his own want of care. That he did not use such care we are fully satisfied. The failure, if it contributed to the injury, defeats a recovery, unless there was a reasonable excuse therefor.
What constitutes such excuse is ordinarily a question of fact for the jury, to be determined upon all the facts and circumstances, guided by proper instructions by the court.
This leads us to notice two points in the charge given.
*633 The defendant’s first request was to charge, that the plaintiff, in order to maintain his action, must establish:
1. That there was no want of ordinary care on the part of Mr. Whitacre, contributing to the accident.
2. That the injury to Mr. Whitacre resulted solely from the want of ordinary care on the part of those managing the train.
Which charge the court refused to give, to which refusal the defendant accepted.
Upon this point the court charged:
“ If negligence on the part of the defendant be shown, "by the testimony, still the plaintiff can not recover if there be absence of reasonable care and caution on his part.
But it is not incumbent upon the plaintiff' in the first instance to prove such care and caution, or to disprove contributory negligence on his part; and if such want of reasonable care and caution as will amount to contributory negligence be not shown by the plaintiff’s testimony, then, it devolves upon the defendant to show such want of care and caution on the part of the plaintiff.”
Instructions should have special reference to the issues made by the pleadings and the evidence, so as to secure the opinion of the jury on the point at issue. General propositions, equally applicable to all cases of the same class, while correct as general rules, sometimes are misleading or incorrect, when applied to evidence, which varies this rule as to the rights and duties of the parties in the special ■case.
In this case, the charge given, and the refusal to charge, were calculated to mislead, as to the burden of proof, and was incorrect upon a state of facts, which the jury might well have found to exist.
The plaintiff’s testimony, as well as that of defendant, tended to show that he was guilty of contributory negligence, and the jury may well have found such to be the fact.
The rule is, that where, upon the evidence adduced by the plaintiff, it appears that his own want of care, contributed *634 to his injury, the burden is upon him, to remove the presumption thus raised ; but, if this does not appear, the burden is upon the defendant to establish such negligence.
The charge given was, that it was not incumbent on the plaintiff in the first instance, to prove care and caution on his part, is correct, when his own evidence does not raise a presumption against him, but not so, if it does.
If plaintiff’s own evidence raised such a presumption against him, as would defeat his recovery, then the request of defendant, that plaintiff' must establish ordinary care on his part was correct, and should have been given to the jury as the rule, if they found such presumption was-created.
The charge further was, that the burden of proof was on the defendant to show contributory negligence, if it be not shown by plaintiff’s own testimony, but wholly omits to state, except by implication, where the burden is, in case-the plaintiff’s testimony does so show.
This omission, taken in connection with the refusal to-charge, as requested, was calculated to, and, it is probable, did, mislead the jury.
'The exact question presented upon the evidence was,. Where was the burden of proof? If the jury should be of opinion that the plaintiff’s own evidence raised the presumption of his want of care, which contributed to his own-injury, then the burden was upon him, and the defendant’s-request should have been given; otherwise the ordinary presumption of due care will prevail:
3. Again, the charge is, that it was the duty of plaintiff' in attempting to cross, to look and listen, to discover and avoid danger, and if he omits this duty, without reasonable-excuse, and thereby contributes to the injury, he could not recover.
What amounts to such excuse is stated in the charge-to be: 1st. If ordinary precautions would not have avoided the injury; and, 2d: “ If, under all the circumstances of the case, a person of ordinary care and prudence would have been justified in omitting to use such precautions.”
*635 The charge then proceeds:
“You will, therefore, in considering this question, look to all the testimony; you may consider the situation of the highway with reference to the railroad track; the situation of intervening ground; whether the view was obstructed or not, and to what extent; the speed of the train, the situation or position of the plaintiff at the time when, by the exercise of ordinary care, he could first have become aware of the train; you may consider his knowledge of the crossing, the nature and safety of the approaches to the railroad track, whether he could have seen the approaching train before he did see it; his exact location at the time he saw it approaching, and his situation with reference to the track and the train. You may, also, consider the state of the weather; the condition of the atmosphere as to winds, and whether such winds prevented him from hearing; you may consider his ability to hear, the mode in which he was traveling, and any and all other circumstances shown by the testimony calculated to influence the conduct of a prudent person, as they shall affect the question whether Mr. Whit-acre, under all the circumstances, exercised ordinary care— whether he did use his eyes and ears so far as he had opportunity, to see, hear, and avoid the danger. And if, from a full consideration of all the circumstances, you shall be satisfied that the plaintiff, Whitacre, was not in the exercise of common prudence, and that by the exercise of common prudence he could have avoided the accident, then he can not recover.” .
Upon this point, as to what constitutes a reasonable excuse, the attention of the jury is thus especially directed to a series of circumstances named, such as the dangerous character of the crossing, the state of the atmosphere, course of the wind, etc.
Some of these enumerated circumstances were materially calculated to stimulate to greater care and caution, rather than to excuse the exercise of ordinary care.
Care and caution should be commensurate with the danger. If any of these circumstances increased the danger, *636 greater care, commensurate with, the increased danger, should be exercised.
These considerations should have been left to the jury, as affecting the whole question of ordinary care, rather than as probable excuses merely. Whether they should tend to excuse, or to awaken greater caution, was for the jury to determine.
The concluding part of this charge does so leave these circumstances; yet, in view of the context, the jury might well lose sight of their force, as tending to induce greater •care and caution, as some at least of them naturally would.
“The circumstances that will excuse a person who is .about to cross a railroad from using his eyes and ears to avoid injury from a passing train, must be such as are calculated to induce a person, in the exercise of ordinary care, to omit the precaution. This has already been declared by this court in several eases. But what these circumstances may be can not be prescribed beforehand, nor can a fixed standard be laid down for weighing them. It would be -clearly wrong to give the same effect, in all cases, to the •omission. The person whose conduct is to be judged can not be separated from the circumstances by which he is surrounded, and under which he is required to act. In some cases, no doubt, it would be the duty of the court to declare that the circumstances afford no excuse for the •omission; while, in others, they ought to be submitted to the jury, under proper instructions.
“ When the question of negligence depends on a variety •of circumstances, from which different minds may arrive at different conclusions as to whether there was negligence or not, the question ought to be submitted to the jury, under proper instructions. Marietta and Cincinnati Railroad Co. v. Picksley, 24 Ohio St. 668.
A majority of the court, after a careful examination of the evidence, have reluctantly come to the conclusion that the jury were not warranted in finding that there existed any reasonable excuse for the plaintiff’s failure to use the ■ordinary precautions, which the law and common prudence *637 demand, and that plaintiff’s injury is the result of this-failure.
We think it highly probable that the omission, by the court, to give to the jury the rule as to the burden of proof when the plaintiff’s own testimony raised the presumption of negligence against him, as well as that part of the charge which directs their attention to the dangerous character of the crossing, and state of the atmosphere, and-course of the winds, on the question of a reasonable excuse for omitting the ordinary precautions, tended strongly to-influence their verdict in plaintiff’s favor.
In the application of the well-settled rules governing the-mutual duties of railroads at public crossings, and the public, who cross their tracks, public policy, as well as exact justice, requires that each party should exercise that ordinary care and caution which the circumstances demand, to-avoid injury.
The evidence fully warranted the jury in finding that tlie railroad was culpable; but if the plaintiff can recover, upon the state of facts disclosed in this case, it is hard to-conceive of a case in which he could not.
We concur in the opinion of the court in Runyan v. The Central Railroad Co., 1 Dutcher, 556, which was a case-much like the present: that “ The necessities of railroad, travel demand a speed at which it is impossible to stop in time to prevent a collision, if persons traveling on the highways rush carelessly or recklessly upon a crossing ahead of an approaching train; and every collision of the kind places not only the party driving on the track, but the passengers on the train of cars in imminent peril, and many times occasions great loss of life.
“ Every precaution should be used, by both drivers of the train, and persons traveling in their own conveyances,, to guard against coming in contact. The proper siguals should always be given from a locomotive on approachiug a crossing, and the omission of this caution should be punished. But, beside this, persons approaching a crossing invehióles of their own must use their eyes and ears, and ex *638 ■ercise common care and prudence commensurate with, the danger, or they are no less reprehensible.”
It is no excuse to a plaintiff seeking to recover for injuries received under such circumstances, that he was absent minded and did not look to see, or stop to hear, the cars. The L. S. & M. S. R. R. Co. v. Miller, 25 Mich. 274.

Judgment reversed and cause remanded.

White and Okey, JJ.,
were of opinion that the question, whether the plaintiff was guilty of contributory negligence ■or not, was, under the circumstances, a question for the jury; and that the case was not such as to justify this court in interfering with the verdict and judgment of the •courts below.